Alejandro MADRID, Corlos Lutz, Ronnie Dewberry, Steven Villa, Bruce Vorse, and Moses Johnson, Individually and on Behalf of all Others Similarly Situated, Plaintiffs–Appellees,

v.

JAMES GOMEZ, Steven Cambra, Susan Steinberg, M.D., Robert Ayers, Defendants–Appellants.

Nos. 96–17277, 97–16237.

United States Court of Appeals, Ninth Circuit.

July 7, 1999.

Before: WOOD, Jr.,* HALL, and O'SCANNLAIN, Circuit Judges.

The Opinion filed July 2, 1998 [150 F.3d 1030], is withdrawn.

■

Donald J. FARR; Gregory H. Ishmiel; Rod W. Tracy; Willis L. Rader; Joseph T. Dean; Robert Heuser; Jeanette P. Neufeld, Plaintiffs–Appellants,

v.

U.S. WEST COMMUNICATIONS, INC.; U.S. West, Inc.; U.S. West Management Pension Plan; U.S. West Employees' Benefit Committee, Defendants–Appellees.

No. 96–36051.

United States Court of Appeals, Ninth Circuit.

July 15, 1999.

Before: NOONAN, FERNANDEZ and HAWKINS, Circuit Judges.

ORDER

The Opinion appearing at 151 F.3d 908 (9th Cir.1998), is amended as follows:

Page 915, second column, second full paragraph, lines 9–10: substitute "backpay and reinstatement or front pay" for "reinstatement with back and front pay."

Page 916, second column, second full paragraph, lines 1–2: substitute "Plaintiffs also seek back pay and reinstatement or front pay until normal retirement age" for "Plaintiffs also seek reinstatement with back and front pay."

Page 916, second column, second full paragraph, lines 15–16: insert footnote call "7" following "That conclusion, in turn, renders Plaintiffs' request for front and back pay moot." On same page insert corresponding footnote as follows:

> 7/ The viability of plaintiffs' requests for back pay in this case is inextricably linked to the viability of their request for reinstatement or front pay as, in effect, the relief here sought is equitable rescission of the agreement to retire. Since the passing of time and the plaintiffs' own admissions establish that rescission is no longer possible, an award of back pay without rescission would not be an equitable remedy in these circumstances. We note, however, that the viability of ERISA claims for lost wages and reinstatement will not always be so linked. *See, e.g., Schwartz v. Gregori,* 45 F.3d 1017, 1021–23 (6th Cir.1995) (allowing award of back and front pay as alternative equitable remedy to reinstatement for retaliatory discharge under § 502(a)(3)).

Judge Fernandez does not join.

* The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.